# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| In re Krishna R. Stringer, | ) | |
| | ) | Case No. 19-45230-659 |
| Debtor. | ) | |
| | ) | Chapter 13 |
| | ) | |
| | ) | Motion to Extend Automatic Stay |
| | ) | As to Debtor Krishna Stringer Only |
| | ) | Out of Time |

## MOTION TO EXTEND AUTOMATIC STAY AS TO DEBTOR KRISHNA STRINGER ONLY OUT OF TIME

Krishna R. Stringer ("Debtor"), through her counsel, Michael J. Watton and the Watton Law Group, hereby moves under 11 U.S.C. § 362(c)(3)(B) that this Court enter an order extending the automatic stay and in support thereof alleges the following:

1. Debtor filed a previous Chapter 13 bankruptcy case on or about February 5, 2015 and was assigned case number 15-40696-659.

2. That Debtor's previous case was dismissed on or about August 19, 2019 as the Debtor became unexpectedly unemployed in her prior case and could not make her plan payments.

3. That on or about August 21, 2019, Debtor, this time with her spouse and co-debtor, filed a second Chapter 13 bankruptcy case within a twelve month period and that case is assigned number 19-45230-659.

4. Debtors' counsel, because of the new Joint Debtor, inadvertently failed to file a motion to extend the stay as the Debtor in this case pursuant to 11 U.S.C. § 362(c)(3)(B). It was not until the Debtors' 341 meeting in the current case that it became apparent such relief is likely necessary, however, pursuant to the language of the statute, the motion would be untimely.

5. Debtors' counsel is aware of precedent whereby bankruptcy courts can utilize § 105(a) to reimpose the stay once it expires pursuant to § 362(c)(3)(A) if: (1) a debtor's new case is filed in good faith, (2) no impaired party objects, (3) debtor's counsel was inadvertent in not filing a timely motion or getting a hearing to extend the stay, and (4) the new case has a high likelihood of success. See, *In re Martinez,* 515 B.R. 383 (S.D. Fla. 2014) citing *In re Franzese*, 2007 WL 2083650 (Bankr. S.D. Fla. July 19, 2007) and *In re Whitaker*, 341 B.R. 336 (Bankr. S.D. Ga. 2006).

6. All of the four *Martinez* elements should apply here.

7. As to the first element, Debtors' case is filed in good faith. Debtor, Krishna Stringer's previous bankruptcy failed because of lost employment. In the present case, she has recently obtained solid employment at a payment rate higher than her previous job. She is also paying plan payments by wage withholding. As to the second element, no scheduled creditor is presumed to object, as the Debtors' Chapter 13 plan proposes payments to all of their secured and priority creditors and no unsecured creditor has attempted collection of a pre-petition debt otherwise. The third element regarding inadvertence is addressed above, and counsel squarely "falls upon his sword." The fourth element is met because the current case has a high likelihood of success. The Debtors have filed all of their schedules and plan, attended a concluded 341 meeting, and have tendered their first plan payment to the Chapter 13 Trustee (credit not yet received). As the four *Martinez* elements are met, the bankruptcy court should reimpose the stay despite its expiration.

WHEREFORE, that the Court issue an order extending the automatic stay beyond the 30 day period out of the time period prescribed by 11 U.S.C. § 362(c)(3)(B); and for such other and further relief as this Court deems necessary and proper under the circumstances.

Date: September 24, 2019          /s/ Adam G. Breeze, for
                                  Michael J. Watton, Esq. MO State Bar #64316
                                  Adam G. Breeze, Esq. MO State Bar #60920
                                  Watton Law Group
                                  301 West Wisconsin Avenue, 5th Floor
                                  Milwaukee, WI 53203
                                  Tel: 314-735-4966
                                  Fax: 314-769-9061
                                  wlgstl@wattongroup.com